THOMPSON, Judge.
This is an appeal from an Order that dismissed certain Counts of an Amended Complaint. We affirm in part and reverse in part.
The appellee (“Wood-Hopkins”) entered into a subcontract with the appellant (“Len Hazen”) whereby Len Hazen was to perform certain sandblasting and painting. The subcontract contained the following provision: “It is further mutually understood that no extras will be paid for unless extras are authorized in writing prior to the extra work performed.” A controversy developed between the parties and Len Hazen filed suit. Attached to its six-count amended complaint was a copy of the subcontract, along with various other documents.
*1234 In Len Hazen’s complaint, Count I alleged that a certain balance was due on the subcontract, as amended by authorized change orders. Count II alleged that Wood-Hopkins required Len Hazen to redo certain work and perform additional work that was not called for by the subcontract, for which work Len Hazen has not been paid. Count III alleged that Wood-Hopkins, by its act or conduct, required Len Hazen to provide additional labor and materials for which it has not been paid. Count IY alleged that Wood-Hopkins, by virtue of its conduct, “issued” change orders, and it was estopped from denying that it “issued” those orders. Count V alleged that there was an implied contract for the additional work that was performed, while Count VI was a claim in quantum meruit for that additional work.
Wood-Hopkins filed a motion to dismiss Counts II through VI for failure to state a cause of action, and the trial court entered an Order granting this motion.
Len Hazen argues that the trial court erroneously based its Order on the contractual provision that “no extras will be paid for unless extras are authorized in writing prior to the extra work performed.” Len Hazen contends that this provision was improperly considered by the court because it was not contained in the four corners of the complaint. However, Fla.R.Civ.P. 1.130(a) requires that a contract which is the basis for an action “shall be incorporated in or attached to the pleading.” While Len Hazen has complied with this Rule, it has overlooked the fact that Fla.R.Civ.P. 1.130(b) provides that “[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes.” (emphasis supplied) Therefore, the trial court, in granting Wood-Hopkins’ motion to dismiss, properly considered the language in the subcontract that was attached to Len Hazen’s complaint.
While we affirm the dismissal of Counts IV through VI, we find that Counts II and III contain some claims for damages which may not be barred by the contractual provision referred to above. Thus, these Counts were sufficient to withstand the motion to dismiss for failure to state a cause of action. Accordingly, the trial court’s Order is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with this opinion.
LARRY G. SMITH, J., and OWEN, WILLIAM C., Associate Judge (Ret.), concur.